UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
APR 29 2005


******************************************************************

| | | |
|---|---|---|
| FREDDIE GILBERT GREGER, | * * * | CIV 04-4087 (CR 02-40024) |
| Movant, | * * | |
| -vs- | * * | MEMORANDUM OPINION AND ORDER |
| UNITED STATES OF AMERICA, | * * | |
| Respondent. | * * | |

******************************************************************

Movant, Freddie Gilbert Greger, filed a Motion to Vacate, Correct or Set Aside Sentence pursuant to 28 U.S.C. § 2255, and a memorandum in support of the motion. Pursuant to the Court's Order, the government filed an answer to the motion. The government moves to dismiss the motion with prejudice. Having considered the motion and supporting memorandum, the government's response and the record in the underlying criminal case, *United States v. Greger*, CR 02-40024 (D.S.D.), the Court will deny the § 2255 motion.

## BACKGROUND

Greger was convicted by a jury in July 2002, of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). On October 23, 2002, the Court sentenced Greger to 151 months' imprisonment and three years' supervised release. The Court found that the career offender provision in USSG §4B1.1 applied to Greger, which increased his adjusted offense level from 24 to 32 under the United States Sentencing Guidelines. His criminal history category was also increased from category IV to category VI based upon the career offender provision in USSG § 4B1.1. The guideline range for offense level 32 and criminal history category IV is 210 to 262 months. The Court granted a downward departure based upon over representation of criminal history from category VI to category III, which resulted in a range of imprisonment of 151 to 188 months,

but declined to depart vertically in offense level because the Court did not believe it had authority to depart on this axis. Greger was sentenced at the bottom of the range to 151 months' imprisonment.

On direct appeal, the Eighth Circuit Court of Appeals held that the Court "has the authority to depart downward under [USSG] § 4A1.3 both horizontally in criminal history category and vertically in offense level from Greger's sentencing guideline range, which was enhanced under § 4B1.1 due to his career offender status." *United States v. Greger*, 339 F.3d 666, 672 (8th Cir. 2003). The Eighth Circuit cautioned, however, that, "[a]ny downward departure in offense level should not result in a lower offense level than was designated before the career offender adjustment – in Greger's case, level 24, subject to [a possible departure based upon physical or mental health, which was not relied upon by the sentencing court]." *Id.* The case was remanded for resentencing "to determine whether any additional downward departure is warranted." *Id.* at 674.

On remand, the Court held that a vertical downward departure to level 24 and a horizontal departure to level IV was the proper departure in this case. Based upon this downward departure, the guideline range was 77 to 96 months' imprisonment. On October 20, 2003, the Court sentenced Greger at the bottom of this range to 77 months' imprisonment. The Eighth Circuit affirmed the Court's Amended Judgment based upon the re-sentencing proceedings.

The presentence report calculated the adjusted offense level at level 24 during the initial sentencing proceedings, giving Greger a two-level minor participant reduction for his role in the offense pursuant to USSG § 3B1.2(b). The Court denied Greger's objection to the presentence report concerning a role reduction because the mitigating role reduction did not reduce the career offender level. Greger claims in the pending motion that his counsel rendered ineffective assistance because counsel "failed to raise and argue mitigating role at sentencing hearing." The government contends that a mitigating role reduction was applied to calculate Greger's adjusted offense level at level 24 and that defense counsel argued for application of a role reduction during the re-sentencing proceedings.

# DECISION

A prisoner in custody pursuant to a federal conviction and sentence may move the court that imposed the sentence to vacate, set aside or correct the sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. A defendant who claims to have been deprived of the effective assistance of counsel must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

In this case, Greger contends his counsel was ineffective for failing to raise and argue mitigating role at the sentencing hearing. Addressing the issue of prejudice in his memorandum, Greger asserts that he needs to show a reasonable probability that at the resentencing hearing the Court would have "found the Defendant a minor participant in the offense, and it would have reduced his offense level by 2, 4 or more points, pursuant to U.S.S.G. § 3B1.2." (Doc. 2.)

The transcript of the resentencing hearing demonstrates that Greger's counsel, Mr. Haugaard, did raise and argue the application of a role reduction:

> MR. HAUGAARD: The reduction that he did receive then, Your Honor, was in regard to *minimal role or a minor role – a minor role I think is the right description of that.* And he was given credit for that bringing him down to the level 24.
> So I had asked Your Honor that you sentence within that range of 24.

Sentencing Transcript, Doc. 86, p. 14. Thus, Greger's counsel *did* raise the role in the offense reduction and argue that Greger should be given the benefit of either a two- or four-level reduction for minimal or minor role in the offense. Moreover, the Court did apply a minor participant reduction under USSG § 3B1.2(b) in calculating Greger's Adjusted Offense Level of 24, and sentenced him at that offense level. Greger has not established that his lawyer's representation fell below an objective standard of reasonableness or that his lawyer's performance prejudiced him.

When the district court has denied a motion under 28 U.S.C. § 2255, the movant may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Greger has not made a substantial showing of the denial of a constitutional right and a certificate of appealability, therefore, will not be issued.

Now, therefore,

IT IS ORDERED:

1. That the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 1, is denied.

2. That a Certificate of Appealability shall not issue on any of the issues raised in the § 2255 motion.

Dated this ___ day of May, 2005.

BY THE COURT:

John B. Jones
Senior U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY